*1301 Avenue of the Americas*
*21st Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*Jeremy D. Richardson*
*Direct Tel:  646-887-9576*
*Direct Fax:  646-887-8160*
*jrichardson@sgrlaw.com*

June 22, 2023

**VIA ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, Eastern District of New York
Courtroom: 4H North
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:** *Dajlani et al. v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC
     **Request for Pre-Motion Conference**

Dear Judge DeArcy Hall:

  The undersigned counsel represents Baby Generation, Inc. ("Defendant") in the above-referenced action. Defendant wishes to file a FRCP 12(b) Motion to Dismiss the First Amended Complaint (ECF No. 11, the "FAC"). I write pursuant to Your Honor's Individual Practice III(A) to request a pre-motion conference.

**Background:**

  Defendant sells baby strollers and related accessories under the brand name Mockingbird, including a Single Stroller and a Single-to-Double Stroller. Information about Defendant and its products can be found at https://hellomockingbird.com/. Defendant's strollers are regulated by the Consumer Product Safety Commission (the "CPSC") pursuant to authority granted by the Consumer Product Safety Act and the Consumer Product Safety Improvement Act (15 U.S.C. §§ 2051–2089).[1] Despite satisfying all applicable safety standards, Defendant received reports from some users of its Single-to-Double Stroller that the frames had cracked, causing the strollers to collapse. Defendant investigated the issue, reported to the CPSC and submitted for CPSC's review and approval a Corrective Action Plan (a "CAP")[2] as is required before a manufacturer can proceed with a remedy. Defendant's CAP, recommending that it provide a free repair kit to all owners of the Single-to-Double Stroller, was examined and approved by the CPSC (16 CFR §1115.20). On November 10, 2022, the CPSC announced a recall to repair.[3] Defendant continued investigating and determined that the same issue may occur with the Single Stroller. Accordingly, Defendant proposed to the CPSC to expand the recall to repair the Single Stroller, which the CPSC also approved, and on March 17, 2023, announced an expanded recall.[4] Both approved CAPs instructed consumers to obtain a free repair kit from Defendant. Despite that neither Plaintiff claims their stroller frame cracked, apparently neither was satisfied

---

[1] Manufacturers of consumer products must comply, of course, with safety and testing standards, and have a legal obligation to report to the CPSC when defects are discovered (16 CFR §1115).

[2] CAP's, which are required by federal regulation, must indicate whether the manufacturer is repairing or replacing the product, or refunding its purchase price (16 CFR 1115.20(a)(1)(vi)).

[3] https://www.cpsc.gov/Recalls/2023/Mockingbird-Recalls-Single-to-Double-Strollers-Due-to-Fall-Hazard

[4] https://www.cpsc.gov/Recalls/2023/Mockingbird-Expands-Recall-to-Include-Single-Strollers-Due-to-Fall-Hazard

Hon. LaShann DeArcy Hall
*Re: Dajlani et al v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC
June 22, 2023
Page 2

with the CPSC approved CAP to provide a free repair kit, and commenced this purported national class action lawsuit seeking a full refund of the purchase price of their strollers.

**Plaintiffs Lack Standing** (All Causes of Action):

The crux of Plaintiffs' claims is that the free repair kit offered by Defendant was and is inadequate because there is no guarantee that the repair kit will work (FAC ¶¶25-34). Plaintiffs feared the repair kit would not keep their children safe (FAC ¶¶37-38, 42). To establish standing, Plaintiffs must allege they suffered an actual or imminent injury, not a conjectural or hypothetical one (see *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 1992). Plaintiffs' conclusory assertion that the free repair kit may not be effective *does not* evidence an actual or imminent injury. Further, Plaintiffs' allegations that "[i]n all reasonable probability" they would have decided differently had they known the strollers were not as safe as represented (FAC ¶¶39, 43), is merely speculative, and does confer standing. See *Jackson v. New York City Health & Hosps. Corp.*, 419 F. Supp. 809, 813 (S.D.N.Y. 1976) (Plaintiffs unable to demonstrate more than an injury which is merely speculative have consistently been denied access to the courts).

**Prudential Mootness** (All Causes of Action):

Plaintiffs' claims are prudentially moot. The prudential mootness doctrine is implicated when a co-equal branch of government provides plaintiffs' requested relief through their own authorities, rendering any judicial remedy inconsequential. See *Winzler v Toyota Motor Sales U.S.A., Inc.*, 681 F3d 1208, 1210 (10th Cir. 2012). When a coordinate branch of government steps in to oversee a repair regime that removes the defect upon which the plaintiffs' diminished value-injury claim is based, then there is no actual showing of sustained injury that can be redressed, and the case should be dismissed. See *Flores v FCA US LLC*, 19-10417, 2020 WL 7024850, at *4 [E.D.Mich Nov. 30, 2020]. The FAC demonstrates this case is prudentially moot because: (i) as a result of the CAP, Plaintiffs have received complete relief that provides the full benefit of the bargain; and (ii) a coordinate branch of government has exercised its own authority to oversee the recall-to-repair. Indeed, Plaintiffs even acknowledge they could have received a free frame reinforcement kit under a process overseen by the CPSC (FAC ¶23).

**New York General Business Law §§ 349 & 350** (Counts I and II):

Plaintiff Dajlani brings consumer protection claims under New York GBL §§349 and 350 alleging that Defendant failed to disclose information material to her decision to purchase the stroller. "[A] plaintiff claiming an omission constitutes actionable deception must show either that the business alone possessed the relevant information, or that a consumer could not reasonably obtain the information." See *Kyszenia v. Ricoh USA, Inc.*, 583 F.Supp.3d 350, 360 (E.D.N.Y. 2022), see also *Bayne v Target Corp.*, 2022 WL 4467455 (S.D.N.Y. 2022). Plaintiff Dajlani fails to plead either that: (i) Defendant alone possessed the relevant information about the latent defect; or (ii) a consumer could not reasonably obtain the information (FAC ¶¶ 26-34).

**Fraud and Negligent Misrepresentation** (Counts III and VII):

Plaintiffs also have failed to plead their claims for fraud and negligent misrepresentation with particularity. *See* Fed. R. Civ. P. 9(b) (requiring heightened pleading standard for fraud claims); see *Aetna Cas. and Sur. Co. v Aniero Concrete Co., Inc.*, 404 F3d 566, 583 (2d Cir. 2005) (explaining that Rule 9(b) analysis applies to negligent misrepresentation claims), requiring the dismissal of these claims.

Hon. LaShann DeArcy Hall
*Re: Dajlani et al v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC
June 22, 2023
Page 3

**Unjust Enrichment** (Count IV):

Variations among the laws of the fifty states are sufficiently significant to defeat FRCP Rule 23(b)(3)'s predominance requirement. Thus, unjust enrichment causes of action are not appropriate in nationwide or even multi-state class action cases. See *Hughes v. The Ester C Company*, 317 F.R.D. 333 (E.D.N.Y. 2016) (states' unjust-enrichment laws vary in relevant respects such that plaintiffs cannot meet their burden of establishing predominance of common issues over individual issues relevant to the unjust enrichment claims of a proposed national class, and precluding nationwide class certifications based on unjust enrichment theories).

Further, dismissal is appropriate because "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (see *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 791 (2012)) and thus "will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action" (see *Campbell v. Whole Foods Mkt. Grp.*, 516 F. Supp. 3d 370, 393 (S.D.N.Y. 2021)). Here, the FAC does not explain how Plaintiffs' unjust enrichment claim differs from their other claims.

**Breach of Implied Warranty of Merchantability and Express Warranty** (Counts V and VI):

To state a claim for breach of implied warranty of merchantability, Plaintiffs must plead that a merchant seller breached its "guarantee ... that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection." *Ham v. Lenovo (United States) Inc.*, No. 22-CV-05131 (ALC), 2023 WL 2664082, at *14 (S.D.N.Y. Mar. 28, 2023). To bring a claim for breach of warranty, a plaintiff must plausibly allege that the defendant breached some affirmation, promise, or description related to the goods that became a "basis for the bargain." See *Rogath v. Siebenmann*, 129 F.3d 261, 264 (2d Cir. 1997).

Having remedied the condition that led to the recall by providing a free, CPSC approved repair kit, there is no breach of warranty, implied or express. Plaintiffs' allegations that the repair kit may not be effective simply does not present a cause of action for breach of warranty, requiring the dismissal of these claims.

**Violation of Massachusetts's Consumer Protection Act M.G.L.A. Chapter 93A** (Count VIII):

To plead a violation of Chapter 93A, plaintiff must plead that the defendant engaged in trade or business and committed an unfair or deceptive act causing injury to the plaintiff. See *Brown v Bank of Am., Nat., Ass'n*, 67 F Supp 3d 508, 514 [D Mass 2014]. Plaintiff Egan failed to plead an actual economic injury that caused her a separate, identifiable harm apart from the Defendant's purported deceptive statements, or that Defendant engaged in unfair or deceptive acts. Id. Moreover, the FAC fails to plead any facts tending to show violations of Mass. Regs. §§ 3.16 & 3.02, requiring the dismissal of these claims.

Respectfully submitted,

*/s/ Jeremy D. Richardson*

Jeremy D. Richardson
Counsel for the Defendant

Hon. LaShann DeArcy Hall
*Re: Dajlani et al v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC
June 22, 2023
Page 4

cc:    Joel Strauss, Esq. (counsel for Plaintiffs)
        Laurence King, Esq. (counsel for Plaintiffs)
        Matthew George, Esq. (counsel for Plaintiffs)
        Blair Reed, Esq. (counsel for Plaintiffs)