

Kaplan Fox & Kilsheimer LLP
800 Third Avenue
New York, NY 10022
Phone: 212.687.1980
Fax: 212.687.7714
Email: jstrauss@kaplanfox.com
www.kaplanfox.com

June 29, 2023

**Via ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, Eastern District of New York Courtroom: 4H North
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:**  *Dajlani et al. v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC
      **Request for Pre-Motion Conference – Plaintiffs' Response**

Dear Judge DeArcy Hall:

Plaintiffs Fjona Dajlani and Allison Egan ("Plaintiffs") hereby respond to Baby Generation Inc.'s ("Defendant") June 22, 2023 letter requesting a pre-motion conference in connection with its anticipated motion to dismiss (Dkt. # 12).

**Summary of Plaintiffs' Allegations:**

As set forth in the Amended Complaint ("AC"), Dkt. #11, Plaintiffs are parents who, like many other consumers, purchased or owned Defendant's Strollers that have a significant structural defect rendering the Strollers unfit and unsafe for transporting babies and toddlers. Defendant knows that safety is the paramount consideration of parents purchasing and using its Strollers. Accordingly, Defendant advertises on its website that the Strollers are "meticuously designed for safety" and "exceed the highest testing standards." AC, ¶ 14. The Strollers retail for upwards of $400, not including accessories. AC, ¶¶ 2-3. Unfortunately for consumers, Defendant's representations about the Strollers' alleged sturdiness and safety are untrue. AC, ¶¶ 14-17. Despite touting its pre-market testing and safety compliance, the Strollers do not meet the bare minimum standards of operating with the usual and expected level of safety due to a defective, unstable frame that causes the Strollers to crack and become unsafe for use. AC, ¶ 17. Indeed, on October 28, 2022, Consumer Reports safety experts reportedly urged Defendant to recall the strollers after dozens of parents shared stories about the Stroller sudenly breaking during use. AC ¶ 19.

Shortly thereafter, Defendant promulgated a poorly executed and unsuccessful recall that offered a purported "reinforcement kit" of attachments parents needed to affix to purportedly shore up the Stroller's safety. AC, ¶ 23-24. In March 2023, Defendant had to initiate an expanded recall. AC, ¶ 22. However, Plaintiffs allege that the reinforcement kit manufactured by Defendant may also suffer from the same defects and that it still does not prevent support bars above the basket of the Strollers from breaking. AC, ¶¶ 25 and 30. Importantly, the recall also doesn't provide refunds for the Strollers so that parents can replace the defective Strollers with a safe, non-defective stroller made by another manufacturer. AC, ¶ 25.

Hon. LaShann DeArcy Hall, U.S.D.J.
Case No. 1:23-cv-03394-LDH-JRC
June 29, 2023
Page 2

**Plaintiffs Have Standing** (All Causes of Action):

Defendant's anticipated standing challenge will fail. Plaintiff Dajlani spent a total of $969.01 on her Stroller and accessories while Plaintiff Egan spent $414.38 on an upgrade for her Stroller and other accessories. AC, ¶¶ 35 and 41. Neither received or have a safety compliant Stroller, and Defendant's hasty and problematic recall has not remedied their economic losses. Each seeks damages. AC, ¶ 54-102. It is well settled that Plaintiffs pursuing economic losses on their consumer fraud and warranty claims have standing in federal court. *See Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 90–91 (S.D.N.Y. 2022); *Gustavsen v. Alcon Lab'ys, Inc.*, 903 F.3d 1, 7–9 (1st Cir. 2018). Moreover, the Strollers pose an ongoing safety risk to Plaintiffs' and other consumers' children. AC, ¶ 32.

**Prudential Mootness** (All Causes of Action):

Plaintiffs' claims are not prudentially moot because "courts have held that prudential mootness applies only where "a plaintiff seeks injunctive or declaratory relief."" *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 693283, at 7 (N.D. Cal. Feb. 22, 2016). Here, Plaintiffs seek monetary damages for all stated claims. *See* AC, ¶¶ 60, 66, 72, 78, 89, 95, 102, 113. Plaintiffs' "request for damages thus conflicts with the general understanding that prudential mootness should apply only to situations where the parties request equitable relief." *Philips*, 2016 WL 693283, at 7. The Defendant's repair kits, as stated above, are not a complete remedy because Plaintiffs purchased unsafe Strollers and therefore did not get the benefit of the bargain due to the Defendant's conduct. AC, ¶ 14.

**New York General Business Law §§ 349 & 350** (Counts I and II):

Plaintiffs allege viable claims under New York's consumer protection statutes. Defendant miscasts Plaintiff's claims as solely about omissions even though the AC asserts claims for misrepresentations about the Strollers safety. AC, ¶ 63 ("The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances."). To the extent Plaintiffs' claims are omission based, each of Plaintiffs' purchases was prior to the recalls and only the Defendant knew or should have known about the Strollers' defects *before* Plaintiffs' purchases. Additionally, Plaintiffs allege that the recall was only conducted after numerous complaints by purchasers and Consumers Reports. AC, ¶¶ 19-21. Accordingly, Plaintiffs' "allegations are sufficient to create an inference of [Defendant]'s knowledge at the pleading stage." *Catalano v. BMW of N.A., LLC*, 167 F. Supp. 3d 540, 562 (S.D.N.Y. 2016).

**Fraud and Negligent Misrepresentation** (Counts III and VII):

Plaintiffs' fraud and negligent misrepresentation claims were pleaded with the requisite particularity. Defendant's letter is unspecific on how Plaintiffs' claims fail to meet the Rule 9(b) standard. Perhaps this is because Plaintiffs' AC is actually quite specific on Defendant's misrepresentations of the Strollers' safety, using excerpts from Defendants' own marketing materials. AC, ¶¶ 14-17. These statements were made on Defendant's website prior to and after the recall, and still exist there today. *Reynolds-Sitzer v. EISAI, Inc.*, 586 F. Supp. 3d 123, 135

(N.D.N.Y. 2022) ("Pleading fraud with particularity means specifying the "who, what, when, where, and how [of the fraud].").

**Unjust Enrichment** (Count IV):

Plaintiffs have sufficiently pleaded an unjust enrichment claim. Defendant was enriched by Plaintiffs when they purchased the Strollers. AC ¶ 75. This was at the expense of Plaintiffs who purchased Strollers that were not safe as they were represented to be. AC, ¶¶ 2 and 17. It would be inequitable if Defendant retained the monetary benefit of these sales. AC, ¶ 77. Under New York law, an unjust enrichment claim may be pleaded in the alternative with other warranty and GBL claims. *Axon v. Florida's Nat. Growers, Inc.*, 813 Fed. Appx. 701, 706 (2d Cir. 2020) (unpublished); *McTyere v. Apple, Inc.*, 21-CV-1133-LJV, 2023 WL 2585888, at *7 (W.D.N.Y. Mar. 21, 2023). *Ashour v. Arizona Beverages USA LLC*, No. 19 CIV. 7081 (AT), 2020 WL 5603382, at *6 (S.D.N.Y. Sept. 18, 2020) ("Although unjust enrichment laws vary between states, 'rejection of nationwide unjust-enrichment classes is not a universal rule.'").

**Breach of Implied Warranty of Merchantability and Express Warranty** (Counts V and VI):

Plaintiffs' claims for breach of express and implied warranties are sustainable. Defendant claims its legal warranty obligations are fulfilled despite conducting two recalls and issuing a purported reinforcement kit that Plaintiffs have pleaded is insufficient to keep the Strollers from breaking during ordinary use. AC, ¶ 30. Simply put, the Strollers are designed and manufactured so poorly that no amount of repair kits can render them safe for transporting babies and toddlers. *See* U.C.C. §§ 2-314(2), 2-313; *see also Schneider v. Colgate-Palmolive Co.*, No. 5:22-CV-1294, 2023 WL 4009099, at *6 (N.D.N.Y. June 15, 2023); *see also, Hempchain Farms, LLC v. Sack*, 516 F. Supp. 3d 197, 210 (N.D.N.Y. 2021).

**Violation of Mass. Consumer Protection Act M.G.L.A. Chapter 93A** (Count VIII):

Plaintiff Egan has pleaded an actual economic injury—she spent $414.38 on upgrades and accessories for her Stroller. AC, ¶ 41. Defendant caused the economic injury by failing to furnish the functional and highly safe Strollers it promised. While Defendant continues to downplay the risks the Strollers may pose, the Strollers, as alleged, are not safe. This sort of conduct violates Mass. Regs. §§ 3.16 & 3.02 because Defendant engaged in unfair and deceptive conduct by issuing misleading statements on the safety of these Strollers that created a false impression of the quality, value, and usability of the Strollers—and Plaintiffs' injuries are directly attributable to Defendant's actions and omissions.

Plaintiffs look forward to more fully responding to Defendant's Motion to Dismiss once it is filed.

Respectfully submitted,

*/s/ Joel B. Strauss*
Joel B. Strauss
Counsel for Plaintiffs

cc:   Defense Counsel (via ECF)