

Kaplan Fox & Kilsheimer LLP
800 Third Avenue
New York, NY 10022
Phone: 212.687.1980
Fax: 212.687.7714
Email: jstrauss@kaplanfox.com
www.kaplanfox.com

December 7, 2023

**Via ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, Eastern District of New York Courtroom: 4H North
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Dajlani et al. v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC**
**Request for Pre-Motion Conference – Plaintiffs' Response**

Dear Judge DeArcy Hall:

Plaintiffs Fjona Dajlani, Allison Egan, Tina Marie Barrales, Maritza Lizarraras, Anna Perella, Hannah McFarland, Elsa Tricozzi, and Elizabeth Maher ("Plaintiffs") hereby respond to Baby Generation Inc.'s ("Defendant") December 1, 2023 letter requesting a pre-motion conference in connection with its anticipated motion to dismiss (Dkt. #24).

**Summary of Plaintiffs' Allegations:** As set forth in the Second Amended Complaint ("SAC"), Dkt. #20, Plaintiffs are parents who purchased or owned Defendant's Strollers that have a significant structural defect rendering the Strollers unfit and unsafe for transporting babies and toddlers. Defendant knows that safety is the paramount consideration of parents purchasing and using its Strollers. Accordingly, Defendant advertises on its website that the Strollers are "meticuously designed for safety" and "exceed the highest testing standards." SAC, ¶ 21. The Strollers retail for upwards of $400, not including accessories. SAC, ¶¶ 2-3, 20. Unfortunately for consumers, Defendant's representations about the Strollers' alleged sturdiness and safety are untrue. SAC, ¶¶ 25-33. Despite touting its pre-market testing and safety compliance, the Strollers do not meet the minimum standards of operating with the usual and expected level of safety due to a defective, unstable frame that causes the Strollers to crack and become unsafe for use. *Id*.

On October 28, 2022, Consumer Reports safety experts reportedly urged Defendant to recall the strollers after dozens of parents shared stories about the Stroller sudenly breaking during use. SAC ¶ 26. Shortly thereafter, Defendant promulgated a poorly executed and unsuccessful recall that offered a purported "reinforcement kit" of attachments parents needed to affix to purportedly shore up the Stroller's safety. SAC, ¶ 30. In March 2023, Defendant had to initiate an expanded recall. SAC, ¶ 29. However, Plaintiffs allege that the reinforcement kit manufactured by Defendant still does not prevent the Strollers from breaking during regular use. SAC, ¶¶ 33, 40-42, and 81. Importantly, the recall also doesn't provide refunds for the Strollers so that parents can replace the defective Strollers with a safe, non-defective stroller made by another manufacturer. SAC, ¶ 33. And, Defendant has ignored and rejected Plaintiffs' and other consumers widespread pre-suit complaints into the issue, necessitating a class action to obtain meaningful relief.

**Plaintiffs Have Standing** (All Causes of Action): Defendant's anticipated standing challenge will fail. Plaintiffs and their families have spent hundreds of dollars on Strollers and their Accessories. SAC, ¶¶ 49-90. Yet none received or have a safety compliant Stroller, and Defendant's hasty and insufficient recall has not remedied their economic losses. It is well settled that Plaintiffs pursuing economic losses on their consumer protection claims have standing in federal court. *Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 90–91 (S.D.N.Y. 2022); *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) ("[A]n allegation that a plaintiff would not have purchased a product or would not have paid the same amount comfortably satisfies the injury-in-fact prong of Article III standing."). Moreover, the Strollers pose an ongoing safety risk to Plaintiffs' and other consumers' children, necessitating injunctive relief. *E.g.*, SAC, ¶¶ 110-11. Defendant's unsupported assertion that because some Strollers were initially provided as gifts does not impact this analysis and ignores their additional allegations that they also purchased expensive upgrades, as well as additional Strollers and Accessories. SAC, ¶¶ 55, 64, 73, 87. Defendant also ignores Plaintiffs' allegations of injury because the Strollers have diminished in useful life and value due to their defects and resale restrictions mandated on recalled, unsafe products. SAC, ¶ 34.

**Prudential Mootness** (All Causes of Action): First, Plaintiffs' claims are not prudentially moot because Plaintiffs seek monetary damages for all stated claims, and, as explained above, did not receive the benefit of the bargain due to the Defendant's conduct. *Philips v. Ford Motor Co.*, 2016 WL 693283, at *7 (N.D. Cal. Feb. 22, 2016) (prudential mootness applies only where a plaintiff seeks injunctive or declaratory relief); SAC, ¶¶ 111, 117, 123, 129, 135, 141, 152, 158, 178, 187, 193, 199, 210, 216, 223 (seeking monetary damages). Second, the CPSC's voluntary recall has no bearing on Plaintiffs' standing to bring their claims because "[t]he voluntary recall procedure may not always be a sufficient avenue for consumers to obtain relief." *Kaupelis v. Harbor Freight Tools USA, Inc.*, 2019 WL 6998661, at *10 (C.D. Cal. Oct. 9, 2019) (quoting *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1115-16 (C.D. Cal. 2008) ("While there are advantages to restricting alternative recall remedies when a voluntary recall has taken place, there are also advantages to allowing alternative recall remedies—*i.e.*, greater available remedies would encourage companies to take greater care in avoiding the production of hazardous products in the first place.")).

**Fraud and Negligent Misrepresentation** (Counts Eleven and Fifteen): Defendant's letter is nonspecific on how Plaintiffs' claims allegedly fail to meet the Rule 9(b) standard. Perhaps this is because Plaintiffs' SAC is actually quite specific on Defendant's misrepresentations of the Strollers' efficacy and safety, using verbatim excerpts from Defendants' own marketing materials. SAC, ¶¶ 21-24. *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 472 (E.D.N.Y. 2013) ("Plaintiffs clearly allege that defendants made a material false representation, *i.e.,* that defendants promoted products as having qualities they did not in fact possess…").

**Unjust Enrichment** (Count Twelve): Plaintiffs sufficiently pleaded Defendant was unjustly enriched by Plaintiffs when they purchased the Strollers that were represented as safe. SAC, ¶¶ 194-99. Despite Defendant's assertion that Plaintiffs' claims are duplicative, "a plaintiff may plead unjust enrichment in the alternative to a breach of warranty claim[]" and GBL claims. *McTyere v. Apple, Inc.*, 2023 WL 2585888, at *7-8 (W.D.N.Y. Mar. 21, 2023) (citation omitted). And, "[a]lthough unjust enrichment laws vary between states, rejection of nationwide unjust-enrichment classes is not a universal rule." *Ashour v. Arizona Beverages USA LLC*, 2020 WL 5603382, at *6 (S.D.N.Y. Sept. 18, 2020) (quotations and citation omitted).

**Breach of Implied Warranty of Merchantability and Express Warranty** (Counts Thirteen and Fourteen): Defendant's only argument against Plaintiffs' warranty claims is premised on insufficient recalls and providing a useless reinforcement kit. SAC, ¶¶ 33-43. But this is not determinative of Plaintiffs' claims. "The implied warranty of merchantability is a guarantee by the seller that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection." *Bayne v. Target Corp*., 630 F. Supp. 3d 544, 549 (S.D.N.Y. 2022) (citation omitted). Plaintiffs alleged that the Strollers unfit for their basic purpose of transporting children. SAC, ¶ 203. Furthermore, "product labels and advertisements can create express warranties[,]" and Plaintiffs have alleged that the Strollers are not safe as advertised. *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 146 (S.D.N.Y. 2021) (collecting cases); SAC, ¶¶ 21-24.

**State Law Causes of Action** (Counts One through Ten): Defendant's short preview of its argument (and lengthy footnote of random citations) make it difficult for Plaintiffs to meaningfully respond absent complete briefing. Nonetheless, Plaintiffs proffer these preliminary rebuttal points. **First**, Plaintiffs' consumer protection claims are not all subject to Rule 9 heightened pleading standards. *Colpitts*, 527 F. Supp. 3d at 577 (holding that NY GBL claims are only subject to Rule 8 notice pleading standards). **Second**, each of Plaintiffs' purchases were prior to the recalls and the Defendant knew or should have known about the Strollers' defects *before* Plaintiffs' purchases. Accordingly, Plaintiffs' "allegations are sufficient to create an inference of [Defendant]'s knowledge at the pleading stage." *Catalano v. BMW of N.A., LLC*, 167 F. Supp. 3d 540, 562 (S.D.N.Y. 2016). **Third**, Plaintiffs have adequately alleged that the Defendant's "repair" is not working and that the Defendant ignored or rejected multiple, repeated pre-suit complaints and requests for refunds. *E.g*., SAC, ¶¶ 33, 40-42, 51-52, 56, 63, 67, 72, 77, 81, and 149. **Fourth**, whether the Defendant's statements were "untrue or misealding at the time they were made" or are "mere puffery" are likely questions of fact unsuitable for a motion to dismiss. **Fifth**, Plaintiff Tricozzi "purchased, used, and/or maintained her Stroller and Accessories while residing in the states of Illinois and Michigan," and whether she is an adequate class representative for claims under Michigan law is suited for the class certification stage given that the Defendant has no factual basis to challenge that entirely true allegation at the motion to dismiss stage. SAC, ¶ 83.

Finally, Defendant's chain of seemingly random citations in a footnote are inapplicable to this case. *E.g*., *Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 366 (E.D.N.Y. 2022) (dismissing plaintiff's NY GBL claims because they were time barred); *Gundayo v. Nationstar Mortg. LLC*, 2012 WL 13009139, at *3 (C.D. Cal. Jan. 26, 2012) (dismissing California UCL claim when the defendant did not engage in advertising); *Brown v. Bank of Am., Nat., Ass'n*, 67 F. Supp. 3d 508, 514 (D. Mass. 2014) (dismissing Massachusetts 93A claim when plaintiff only alleged emotional distress); *Fleury v. Gen. Motors LLC*, 654 F. Supp. 3d 724, 733 (N.D. Ill. 2023) (dismissing ICFA claim when plaintiff failed to identify any defect).

Plaintiffs look forward to more fully responding to Defendant's Motion to Dismiss once it is filed.

Respectfully submitted,

/s/ ***Joel B. Strauss***
Joel B. Strauss
Counsel for Plaintiffs

cc: Defense Counsel (via ECF)