

*1301 Avenue of the Americas*
*21st Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*


*Jeremy D. Richardson*
*Direct Tel:  646-887-9576*
*Direct Fax:  646-887-8160*
*jrichardson@sgrlaw.com*

February 28, 2024

**VIA ECF**
Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, Eastern District of New York
Courtroom: 4H North
225 Cadman Plaza East
Brooklyn, New York 11201

>       Re:     *Dajlani et al. v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC
>               **Defendant's Response to Plaintiffs' Request for Rule 16 and 26(f) Conferences**

Dear Judge DeArcy Hall:

We represent Baby Generation, Inc. ("Defendant"). I write in response to Plaintiffs' February 23, 2024 letter motion (ECF No. 26, "Plaintiffs' Letter") which, simply put, paints a false narrative as a means to prematurely seek a FRCP Rule 16 Conference and commence discovery. Plaintiffs acknowledge that Defendant seeks dismissal of the Second Amended Complaint (ECF No. 20, the "SAC") and pursuant to Your Honor's Individual Practice III(A), on December 1, 2023, Defendant submitted a letter (ECF No. 24) requesting a pre-motion conference. On December 7, 2023, Plaintiffs submitted a letter opposing Defendant's request (ECF No. 25). That request is *sub judice*.

**Plaintiffs' Request to Proceed with Discovery is Without Merit:**

Stripping Plaintiffs' Letter of hyperbole and deception, Plaintiffs claim discovery should commence without waiting for the Court to consider Defendant's request for a pre-motion conference because: (i) non-party retailers "like Target and BuyBuyBaby (now in bankruptcy) … do not have notice of the pendency of the case and have no affirmative obligation to preserve evidence" (see Plaintiffs' Letter at page 2); and (ii) "witnesses' reccollections [*sic*] fade with time so securing their testimony promptly is important" (id.).

These typical arguments do not justify proceeding with pre-answer discovery while the Court considers Defendant's request to seek dismissal of the SAC in its entirety. Plaintiffs fail to provide any specific examples of evidence that purportedly will be lost or witnesses, either by name or position, whose memories purportedly will fade if pre-answer discovery is not quickly granted. In *Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529 (E.D.N.Y. Dec. 3, 2014) the court underscored Bethpage Water District's failure to provide examples in ruling on Northrop Grumman Corporation's motion to stay discovery (plaintiff provided no specific examples of evidence that may become stale or witnesses whose memories may fade during the stay). The court in *Novak v. Sally Frame Kasaks*, 1996 WL 467534, at *1 (S.D.N.Y. Aug.16, 1996) similarly focused on the plaintiff's failure to identify evidence that would be

Hon. LaShann DeArcy Hall
*Re: Dajlani et al v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC
February 28, 2024
Page 2

lost during a stay pending resolution of a motion to dismiss (plaintiffs provided no evidence to bolster their wholly speculative assertions as to the risk of lost evidence and undue prejudice).

Plaintiffs' Letter provides no examples. Indeed, nothing in Plaintiffs' Letter or the SAC demonstrates any urgency in proceeding with discovery at this early stage. There is no basis to compel Defendant and non-parties to this lawsuit to incur significant time and expense in responding to as yet unspecified discovery demands and subpoenas, especially where the entire SAC should be dismissed.

**Plaintiffs Seek to Convey a False Sense of Urgency:**

Plaintiffs' Letter attempts to fabricate a sense of urgency with three false or misleading statements: (i) that Defendant's recalls have failed (this false claim is made twice in Plaintiffs' Letter, both on page 2); (ii) that children and toddlers will still be transported in Defendant's Strollers with significant defects that cause safety risks to children; and (iii) that non-parties such as BuyBuyBaby (now in bankruptcy) do not have notice of the pendency of the case and have no affirmative obligation to preserve evidence.

The recalls have not failed. Defendant voluntarily initiated two recalls overseen by the Consumer Products Safety Commission. The first corrected safety concerns with Defendant's Single to Double Stroller, the second expanded the first recall to include Defendant's Single Stroller. Both recalls have been tremendously successful, and Plaintiffs provide no evidence to demonstrate otherwise. None of the six nominal Plaintiffs allege in the SAC that the CPSC-approved free reinforcement kit failed to resolve the pre-recall safety concerns. Nor does Plaintiffs' Letter raise any new safety concerns. Plaintiffs' false assertion that the recalls have failed is a transparent attempt to predispose the Court to rule against Defendant.

Defendant's strollers safely transport children and toddlers. The SAC does not allege any of the six nominal Plaintiffs experienced safety issues following installation of the free reinforcement kit. Indeed, only three of the nominal Plaintiffs, Perella, Tricozzi and Maher, claim to have requested the free reinforcement kit provided by Defendant. Plaintiffs' Letter is similarly silent on any post-recall safety issues. The CPSC continues to monitor the recalls for Defendant's compliance, effectiveness, and any new safety concerns related to the recalled strollers. If the CPSC-approved free repair kit proved ineffective in preventing the risk of injury to children and toddlers riding in Defendant's strollers, CPSC would require Defendant to take new corrective action. CPSC has made no such demand of Defendant.

BuyBuyBaby never sold Defendant's strollers. Plaintiffs claim that BuyBuyBaby, which Plaintiffs remind the Court is in bankruptcy, has no affirmative obligation to preserve evidence. The implication is that absent swift action by this Court and immediate notice and non-party subpoenas to BuyBuyBaby, crucial information that is, or will lead to, admissible evidence will be lost. Plaintiffs' inclusion of the now bankrupt BuyBuyBaby in Plaintiffs' Letter is obviously intended to urge the Court to quickly permit Plaintiffs to serve discovery demands on Defendant and issue subpoenas to non-parties including BuyBuyBaby.

Hon. LaShann DeArcy Hall
*Re: Dajlani et al v. Baby Generation, Inc.*; Case No. 1:23-cv-03394-LDH-JRC
February 28, 2024
Page 3


**Defendant Will Seek a Stay of Discovery:**

Defendant will seek a stay of discovery pending the Court's determination of Defendant's motion to dismiss the SAC. It is well-settled in the Second Circuit and in the Eastern District of New York that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

**Conclusion:**

For the foregoing reasons, Defendant respectfully submits that Plaintiffs' request to proceed with discovery before the Court has considered Defendant's pre-motion letter, let alone a determination of Defendant's requested motion to dismiss, should be denied.

Respectfully submitted,

*/s/ Jeremy D. Richardson*

Jeremy D. Richardson
Counsel for the Defendant


cc:   Joel Strauss, Esq. (counsel for Plaintiffs) via ECF
      Laurence King, Esq. (counsel for Plaintiffs) via ECF
      Matthew George, Esq. (counsel for Plaintiffs) via ECF
      Blair Reed, Esq. (counsel for Plaintiffs) via ECF

SGR/70235235.3