

Joel B. Strauss
Kaplan Fox & Kilsheimer LLP
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212.687.1980
Email: jstrauss@kaplanfox.com
www.kaplanfox.com

April 21, 2026

**VIA ECF**
Hon. Ramón Reyes, Jr.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: ***Dajlani et al. v. Baby Generation, Inc.***; Case No. 1:23-cv-03394-RER-JRC
> **Request for Pre-Motion Conference – Plaintiffs' Response**

Dear Judge Reyes:

Plaintiffs Fjona Dajlani, Allison Egan, Maritza Lizarraras, Hannah McFarland, and Elizabeth Maher ("Plaintiffs") hereby respond to Baby Generation Inc.'s ("Defendant") April 14, 2026 letter requesting a pre-motion conference in connection with its anticipated motion to dismiss (Dkt. #43). As set forth in the Third Amended Complaint ("TAC"), Dkt. #42, Plaintiffs have repleaded the following claims, in addition to their sustained claims[1]: Plaintiff Dajlani's New York Gen. Bus. Law §§ 349 and 350 claims; Plaintiff Lizarraras's Unfair Competition Law, Consumers Legal Remedies Act, False Advertising Law, and Song-Beverly Consumer Warranty Act claims; Plaintiff Maher's Illinois Consumer Fraud and Deceptive Business Practices Act claim; Plaintiff McFarland's claim under Missouri's Merchandising Practices Act; and Plaintiffs Dajlani, Lizarraras, and Maher's unjust enrichment claims.

**Plaintiffs Allege Both Misrepresentation and Omissions-Based Claims**: As an initial matter, Plaintiffs note that they have pleaded both omissions-based and misrepresentation claims under California, New York, Illinois, Missouri, and Massachusetts consumer protection statutes. Furthermore, not all claims are subject to Rule 9(b)'s heightened pleading standard. *See, e.g., Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020) (GBL §§ 349 and 350 are subject to the more liberal pleading requirements of Rule 8(a)).

In light of the Court's Order concerning Defendant's motion to dismiss the Second Amended Complaint, Plaintiffs have included additional allegations regarding their exposure to Defendant's deceptive and misleading statements regarding the safety and security of the Stroller from Defendant's website, demonstrating that Plaintiffs can prevail on their misrepresentation causes of action. Plaintiffs note that certain claims also do not require reliance. To the extent that any of Plaintiffs' consumer protection claims also sound in omissions theories, Plaintiffs have also added allegations regarding the timing of the recall. In addition to consumer complaints, Plaintiffs have

---

[1] Plaintiff Egan's Massachusetts's Consumer Protection Act Chapter 93A claim, Plaintiffs' Maher's and McFarland's implied warranty of merchantability claims under Illinois and Missouri law, and Plaintiff McFarland's unjust enrichment claim under Missouri law were sustained and are not at issue here.

now alleged that "[o]n information and belief, Plaintiffs allege that Defendant knew about the defect in the Strollers at least six months prior to the recall. On information and belief, Plaintiffs allege that because recalls take time and planning, Defendant would have needed months in advance of the recall in order to determine what Strollers were affected, what the issue exactly was, and to develop and produce the Frame Reinforcement kit." TAC, ¶ 31. That is sufficient to create an inference of knowledge prior to Plaintiffs' purchases at the pleading stage. *Rothschild v. Gen. Motors LLC*, No. 19CV05240DLIRLM, 2020 WL 13581659, at *13 (E.D.N.Y. Sept. 30, 2020) (finding that consumer complaints and allegations Defendant had knowledge regarding manufacture, design, and testing processes was enough to establish knowledge).

Forthcoming discovery on Plaintiffs' surviving claims will further illuminate what exactly Defendant knew and when, and how long it concealed the dangerous safety defect from unsuspecting purchasers. For now, the totality of Plaintiffs' allegations and Defendant's admission of the defect more than meet Plaintiffs' pleading standards on their consumer protection claims.

**Plaintiffs Allege Reliance and Causation:** Defendant argues that Plaintiff Lizarraras does not allege the "who, what, where, when, and how" of its alleged misconduct. Plaintiff Lizarraras, however, alleges that she visited Defendant's website prior to making her purchases and saw that Defendant represented the Stroller as '"rigorously tested" for safety and claimed that the Strollers "exceed the highest testing standards."' TAC, ¶ 62. "Based on these representations, Plaintiff Lizarraras thought that the Strollers were sturdy and safe…[and] relied on these representations when making her purchases." *Id.* But for these misrepresentations, Plaintiff Lizarraras would not have made her purchases. *Id.* ¶ 69.

"A consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of [the UCL] by alleging ... that he or she would not have bought the product but for the misrepresentation." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020) (quoting *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 329 (2011)). Further, to allege reliance, a plaintiff "only need[ ] establish it to be plausible that a 'reasonable man would attach importance to [the] existence or nonexistence [of the misrepresentation] in determining his choice of action in the transaction in question.'" *Id.* at 1021 (quoting *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1056 (9th Cir. 2017). Although the issue of whether a reasonable consumer could be deceived by the alleged misrepresentations is not appropriate for the pleading stage, *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008), it is undisputed that safety when transporting children is material. *In re Fisher-Price Rock 'N Play Sleeper Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 1:19-MD-2903, 2023 WL 1822239, at *3 (W.D.N.Y. Feb. 8, 2023).

Lastly, Plaintiffs Dajlani, McFarland, and Maher make similar allegations. Importantly, reliance is not a requirement for Plaintiffs Dajlani's and Maher's claims. *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 257 (E.D.N.Y. 2019) (collecting cases) ("Neither section 349 nor section 350 contains a reliance requirement[.]" and a proper claim under section 349 or 350 does not require proof that a consumer actually relied on the misrepresentation."); *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739 (7th Cir. 2019) (citation omitted) ("[R]eliance is not an element of statutory consumer fraud.").

Hon. Ramón Reyes, Jr.
Case No. 1:23-cv-03394-RER-JRC
April 21, 2026
Page 3

**Plaintiffs Allege Injury:** Defendant's short preview of its argument makes it difficult for Plaintiffs to meaningfully respond absent complete briefing. For example, Defendant argues that in order to adequately plead any of their claims, Plaintiffs must allege that the defect at issue manifested in their Strollers. That is not true. Under the UCL, the "loss was suffered at the moment of purchase." *Kaupelis v. Harbor Freight Tools USA, Inc.*, No. SACV191203JVSDFMX, 2019 WL 6998661, at *4 (C.D. Cal. Oct. 9, 2019) (citing *Kearney v. Hyundai Motor Co.*, No. SACV 09-1298 DOC, 2010 WL 9093204, at *5 (C.D. Cal. June 4, 2010)) ("the receipt of a vehicle whose alleged defects reduced the car's value and deprived the consumer of the benefit of the bargain, even when the alleged defects did not later materialize," meant "the loss was suffered at the moment of purchase."). Similarly, allegations that a plaintiff would not have spent money on a product but for a defendant's misrepresentations satisfies the injury requirement for a GBL § 349 claim. *Rothschild*, 2020 WL 13581659, at *13 (citing *Kacocha v. Nestle Purina Petcare Co.*, 2016 WL 4367991, at *14 (S.D.N.Y. Aug. 12, 2016).[2]

**Unjust Enrichment:** Plaintiffs sufficiently pleaded Defendant was unjustly enriched by Plaintiffs when they purchased the Strollers that were represented as safe. TAC, ¶¶ 162-67. Plaintiffs Lizarraras and Maher believe they have now adequately pleaded their respective California and Illinois consumer protection law claims, and thus their claim for unjust enrichment should likewise succeed. And, despite Defendant's assertion that Plaintiff Dajlani's unjust enrichment claim is duplicative, "a plaintiff may plead unjust enrichment in the alternative to a breach of warranty claim[]" and GBL claims. *McTyere v. Apple, Inc.*, 663 F. Supp. 3d 247, 258 (W.D.N.Y. 2023) (citation omitted). And, "[a]lthough unjust enrichment laws vary between states, rejection of nationwide unjust-enrichment classes is not a universal rule." *Ashour v. Arizona Beverages USA LLC*, 2020 WL 5603382, at *6 (S.D.N.Y. Sept. 18, 2020) (quotations and citation omitted).

Defendant also asserts that because Plaintiffs Lizarraras, Maher, and Dajlani did not: (i) experience the defect, (ii) avail themselves of the recall, and (iii) then did not allege that the recall was ineffective, that their unjust enrichment claims fail. Plaintiffs allege that the recall was and is inadequate. *See, e.g.,* TAC, ¶¶ 30-33. Further, Plaintiffs' underlying consumer protection law claims do not require them to allege that they experienced the defect—the financial injury occurred when they purchased a product they otherwise would not have. Thus, Plaintiffs alleged they conferred benefits on Defendant by purchasing the Strollers, and Defendant was unjustly enriched when it retained those funds. TAC, ¶¶ 164-67.

Plaintiffs look forward to more fully responding to Defendant's Motion to Dismiss after being served with such.

Respectfully submitted,

/s/ *Joel B. Strauss*
Joel B. Strauss
Counsel for Plaintiffs

---

[2] Defendant's argument at fn.6 of its letter concerning the ability of Plaintiffs to resell the recalled strollers ignores and misconstrues Plaintiffs' allegations. For reasons detailed in the TAC, Defendant's conduct "negatively impaired the value of the Strollers and Accessories, caused a loss of regular use and lifespan of the products, and impaired their resale ability." TAC, ¶ 32.

Hon. Ramón Reyes, Jr.
Case No. 1:23-cv-03394-RER-JRC
April 21, 2026
Page 4

cc:     Defense Counsel (via ECF)