

*Smith, Gambrell & Russell, LLP*
*1301 Avenue of the Americas*
*15th Floor*
*New York, New York  10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*


*Jeremy D. Richardson*
*Direct Tel: 646-887-9576*
*jrichardson@sgrlaw.com*                                April 29, 2026



**VIA ECF**


Magistrate Judge James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

**Re: *Dajlani, et al. v. Baby Generation, Inc.,* 23 -cv-3394 – RER-JRC**

Dear Magistrate Judge Cho:

Pursuant to your Individual Rules of Practice, the parties to the above-referenced matter hereby submit this joint letter to request Your Honor's approval of a revised proposed confidentiality order with added provisions for designation of materials and information as Highly Confidential – Attorneys' Eyes Only and for challenging such designation.

Defendant Baby Generation expects Plaintiffs will seek information pertaining to its investigation into the cause of the product issue leading to two recalls (the first as to Baby Generation's Single-to-Double stroller and the second that expanded the first recall to include its Single stroller) and the recall remedy, a reinforcement kit provided free of charge to owners of the recalled strollers. This will include information prepared by an engineering firm retained by Baby Generation's outside attorneys who worked with the Consumer Product Safety Commission to coordinate the CPSC-approved voluntary recalls. Some of the attorney-retained engineering firm's documents are not part of reports submitted by counsel to CPSC and thus not part of CPSC's file. If such materials constitute confidential research and/or competitively sensitive commercial information, Baby Generation may wish to designate such materials as Highly Confidential subject to the AEO provision.

The difference between Your Honor's Confidential designation and Baby Generation's proposed Highly Confidential designation are that Parties would not have access to materials and information designated Highly Confidential (such items may be "shown only to the attorneys, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit (but excluding parties)").

SGR/82074997.3

Magistrate Judge James R. Cho
23-cv-3394 – RER-JRC
April 29, 2026
Page 2

Federal Rule of Civil Procedure 26(c)(1)(G) provides the statutory basis for AEO provisions in confidentiality orders. The rule authorizes courts to issue protective orders "for good cause" requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Baby Generation is sensitive to the Sword-and-Shield limitation. Baby Generation understands it may not use the AEO Provision offensively while simultaneously shielding the information from the opposing party's scrutiny. Importantly though, the information Baby Generation anticipates will be designated as Highly Confidential subject to the AEO Provision will be available to Plaintiffs' counsel and experts. This, Baby Generation submits, eliminates the Sword-and-Shield limitation and permits Plaintiffs to prosecute its case without obstruction.

Baby Generation has also supplemented Your Honor's form Acknowledgement. These changes include that a recipient of Confidential or Highly Confidential materials has received a copy of the Confidentiality Order and agrees to abide by its terms.

Baby Generation respectfully requests the inclusion of the AEO Provision.

Plaintiffs were hesitant to agree to the AEO provision and note that named Plaintiffs have a duty to participate in the litigation and Plaintiffs' Counsel will likely need to discuss what was found in discovery (*e.g.* for deposition preparation, class certification briefing, etc.). In the event a Confidential or Highly Confidential designation is challenged, Plaintiffs have proposed adding details about how the dispute resolution should take place in order to reserve their rights and promptly resolve any disputes.

Respectfully submitted,

*Jeremy Richardson*

Jeremy D. Richardson

cc: All Counsel via ECF.

SGR/82074997.3