**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FJONA DAJLANI, ALLISON EGAN, MARITZA LIZARRARAS, HANNAH MCFARLAND, AND ELIZABETH MAHER, individually and on behalf of all others similarly situated, | Civil Action No.: 1:23-cv-3394-RER-JRC |

                                    Plaintiffs,

        v.


BABY GENERATION, INC.,

                                    Defendant.

---

**<u>CONFIDENTIALITY ORDER</u>**


        It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings (the "Action"):

1.      All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose.

2.      The following documents, testimony and information may be designated as "Confidential" or "Highly Confidential" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

        (a)      Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.;

        (b)      Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records; or

        (c)      Legal Records.

SGR/81968928.5

(d)     If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

3.     An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "Confidential" or "Highly Confidential" on each page.

(a)     If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "Confidential" or "Highly Confidential" and incorporate by reference the appended material into the responses.

(b)     At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as Confidential or Highly Confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph 2(a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as Highly Confidential for this 10-day period. Any portions of a transcript designated Confidential or Highly Confidential shall thereafter be treated as Confidential or Highly Confidential in accordance with this Order. The Confidential or Highly Confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

4.     Documents designated "Confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

5.     Documents designated "Highly Confidential" shall be shown only to the attorneys, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit (but excluding parties). Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

6.     Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

7.     The inadvertent, unintentional, or in camera disclosure of a Confidential or Highly Confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the

2

SGR/81968928.5

discovery material that the party produced should be designated as "Confidential" or "Highly Confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

8. If a party believes that a document designated or sought to be designated Confidential or Highly Confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chose designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

9. The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

10. Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

11. In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

12. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

[SIGNATURE PAGE FOLLOWS]

3

Dated: May 1, 2026

Respectfully submitted,

**SMITH GAMBRELL & RUSSELL, LLP**

By: */s/ Jeremy Richardson*
     Jeremy D. Richardson

Jeremy D. Richardson
1301 Avenue of the Americas, 15th Floor
New York, NY 10019
Telephone: 646-887-9576
jrichardson@sgrlaw.com

**SMITH GAMBRELL & RUSSELL, LLP**
Ian J. Dankelman (*pro hac vice*)
201 North Franklin Street, Suite 3550
Tampa, Florida 33602
Telephone: (813) 488-2937
Facsimile: (813) 488-2960
idankelman@sgrlaw.com

*Attorneys for Defendant*

**KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Joel B. Strauss*
     Joel B. Strauss

Joel B. Strauss
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
jstrauss@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King
Matthew B. George (*pro hac vice*)
Blair E. Reed (*pro hac vice*)
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone:  415/772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com
mgeorge@kaplanfox.com
breed@kaplanfox.com

**WITES & ROGERS**
Marc A. Wites (*pro hac vice*)
4400 North Federal Highway
Lighthouse Point, FL 33064
Telephone: (954) 933-4400
Facsimile: (954) 354-0205
mwites@witeslaw.com

*Attorneys for Plaintiffs*

**SO ORDERED:**

  s/ James R. Cho
_____

JAMES R. CHO
United States Magistrate Judge

Dated:  5/1/2026

4

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| FJONA DAJLANI, ALLISON EGAN, MARITZA LIZARRARAS, HANNAH MCFARLAND, AND ELIZABETH MAHER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BABY GENERATION, INC.,<br><br>      Defendant. | Civil Action No.: 1:23-cv-3394-RER-JRC |

**ACKNOWLEDGEMENT**

I, _____, declare that:

1. I have received a copy of the Confidentiality Order ("**Confidentiality Order**") in this Action.

2. I have carefully read and understand the provisions of this Confidentiality Order, and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" or "Highly Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" or "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" or "Highly Confidential" in accordance with the Confidentiality Order.

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under compliance with, or violation of, the Confidentiality Order.

SGR/81968928.5

6.      I understand that disclosure of information designated "Confidential" and "Highly Confidential" in violation of the Confidentiality Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____

          Date                                                    Signature

SGR/81968928.5