**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FJONA DAJLANI, ALLISON EGAN, MARITZA LIZARRARAS, HANNAH MCFARLAND, AND ELIZABETH MAHER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BABY GENERATION, INC.,<br><br>      Defendant. | Civil Action No.: 1:23-cv-3394-RER-JRC<br><br>Hon. Ramon E. Reyes, Jr. |

**DEFENDANT BABY GENERATION, INC.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
THE FOURTH AMENDED COMPLAINT
PURSUANT TO F.R.C.P. 12(B)(6)**

**Table of Contents**

INTRODUCTION ............................................................................................................... 1

POINT I       BABY GENERATION HAS NOT WAIVED ANY ARGUMENTS ..................... 1

POINT II      A VOLUNTARY RECALL DOES NOT MEAN EVERY RECALLED
              PRODUCT IS DEFECTIVE ................................................................................. 2

POINT III     DAJLANI STILL FAILS TO PLEAD CLAIMS UNDER NEW YORK
              GEN. BUS. LAW §§ 349 AND 350 ....................................................................... 4

POINT IV      DAJLANI STILL HAS NOT SUFFICIENTLY PLEADED A PRICE
              PREMIUM THEORY DAMAGE CLAIM ............................................................ 4

POINT V       BABY GENERATION'S FREE RECALL REMEDY ELIMINATED
              ANY PRICE PREMIUM INJURY, IF ONE EXISTED ....................................... 5

POINT VI      DAJLANI FAILS TO PLAUSIBLY ALLEGE BABY GENERATION'S
              EXCLUSIVE PRE-SALE KNOWLEDGE ........................................................... 6

POINT VII     LIZARRARAS FAILS TO PLAUSIBLY ALLEGE CLAIMS UNDER
              CALIFORNIA'S UNFAIR COMPETITION LAW, CONSUMERS
              LEGAL REMEDIES ACT, FALSE ADVERTISING LAW AND THE
              SONG-BEVERLY CONSUMER WARRANTY ACT ........................................... 7

POINT VIII    LIZARRARAS FAILS TO PLAUSIBLY ALLEGE PRE-SALE
              KNOWLEDGE ..................................................................................................... 8

POINT IX      MAHER FAILS TO PLAUSIBLY ALLEGE A CLAIM UNDER THE
              ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES
              ACT ...................................................................................................................... 8

POINT X       MAHER FAILS TO PLAUSIBLY ALLEGE PRE-SALE KNOWLEDGE ........... 8

POINT XI      MCFARLAND FAILS TO PLAUSIBLY ALLEGE A CLAIM UNDER
              MISSOURI'S MERCHANDISING PRACTICES ACT ....................................... 9

POINT XII     MCFARLAND FAILS TO PLAUSIBLY ALLEGE PRE-SALE
              KNOWLEDGE ..................................................................................................... 9

POINT XIII    PLAINTIFFS' UNJUST ENRICHMENT CLAIMS SHOULD BE
              DISMISSED ......................................................................................................... 9

POINT XIV     PLAINTIFFS STILL DO NOT PLAUSIBLY ALLEGE AN INJURY ..................11

CONCLUSION ................................................................................................................. 12

**Table of Authorities**

**Cases**                                                                          **Page(s)**

*Apicella v. Apple Inc.*,
  25-CV-02261 (OEM) (JMW), 2026 WL 1948130 (E.D.N.Y. July 6, 2026) ........................6, 7

*Arnold Chevrolet LLC v. Tribune Co.*,
  No. 04-CV-3097 (DRH) (WDW), 2007 WL 2743490 (E.D.N.Y. Sept. 17,
  2007) ..............................................................................................................................1

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................................11

*Baig v. Nuna Baby Essentials, Inc.*,
  No. 5:25-CV-03327, ECF No. 38 (E.D. Pa. Mar. 30, 2026) ......................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................11

*Desiano v. Warner-Lambert Co.*,
  326 F.3d 339 (2d Cir. 2003).........................................................................................3, 4

*Fasano v. Li*,
  47 F.4th 91 (2d Cir. 2022) ...........................................................................................1, 2

*Fezzani v. Dweck*,
  No. 24-2478, 2025 WL 3061340 (2d Cir. Nov. 3, 2025) ........................................1, 2

*Hasemann v. Gerber Prods. Co.*,
  331 F.R.D. 239 (E.D.N.Y. 2019) ..................................................................................4

*Hochheiser v. Alin*,
  59 Misc.3d 1207(A), 2018 N.Y. Slip Op. 50401(U) (N.Y. Sup. Ct. Suffolk
  Cnty. Mar. 28, 2018)....................................................................................................10

*Ogunkoya v. Cnty. of Monroe*,
  No. 15-CV-6119 (KAM) (LB), 2020 WL 3791850 (E.D.N.Y. July 7, 2020) ..........................2

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
  85 N.Y.2d 20 (1995) .....................................................................................................4

*Perez v. Escobar Constr., Inc.*,
  No. 23-1240-CV, 2024 WL 3594325 (2d Cir. July 31, 2024)...............................................1, 2

*In re Recalled Abbott Infant Formula Products Liability Litigation*,
  No. 22-C-4148, 2023 WL 3587295 (N.D. Ill. May 22, 2023), aff'd, 97 F.4th
  525 (7th Cir. 2024)........................................................................................................2, 3

ii

*Ricardo Moncada v. Nuna Baby Essentials, Inc.*,
    No. 25-CV-2592 (PKC), 2026 WL 866852 (S.D.N.Y. Mar. 30, 2026)....................................5

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994)..............................................................................................1

*Tarsio v. FCA US LLC*,
    No. 22-CV-9993 (NSR), 2024 WL 1514211 (S.D.N.Y. Apr. 8, 2024)....................................5

*In re Toyota RAV4 Hybrid Fuel Tank Litigation*,
    534 F. Supp. 3d 1067 (N.D. Cal. Apr. 4, 2021).........................................................................7

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ....................................................................................................8

**Statutes**

NEW YORK GEN. BUS. LAW §§ 349 AND 350 ...................................................................4, 10

**Other Authorities**

Fed. R. Civ. P. 9(b) ..........................................................................................................7, 8, 9

Fed. R. Civ. P. 12.................................................................................................................1, 11

## INTRODUCTION

Plaintiffs' opposition to this motion provides no basis to spare their repleaded claims from dismissal. Each of Plaintiffs' repleaded claims should be dismissed with prejudice.

### POINT I
### BABY GENERATION HAS NOT WAIVED ANY ARGUMENTS

Plaintiffs claim Baby Generation waived arguments by not asserting them in its previous motion. Opp. Br. pp. 3-4. Not so. Baby Generation sought the Court's permission to file this motion and its incorporated arguments. *See* ECF 43, 45 and 51. The Court granted leave. ECF 51.

The case law is on Baby Generation's side. In *Fasano v. Li*, 47 F.4th 91 (2d Cir. 2022), the Second Circuit rejected plaintiffs' waiver argument finding that "Rule 12 itself provides that a Rule 12(b)(6) defense" may be raised and granted, even at trial. *Id*. at 105. In *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994), the Second Circuit explained that an amended complaint supersedes the original rendering it of no legal effect, *id*. at 1128, and the only defenses and objections that are irrevocably waived are those issues going to the core of the judicial resolution process, such as personal jurisdiction, improper venue, and issues pertaining to service of process. *Id*.; *see also Perez v. Escobar Constr., Inc.*, No. 23-1240-CV, 2024 WL 3594325, at *1 (2d Cir. July 31, 2024) (explaining the differences in practice between judicial authority arguments and merits-based defenses and finding the latter not waivable); *Fezzani v. Dweck*, No. 24-2478, 2025 WL 3061340, at *3 (2d Cir. Nov. 3, 2025) (in unpublished decision, stating "[t]hus, the defense of failure to state a claim is not waivable") (*citing Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)).

In *Arnold Chevrolet LLC v. Tribune Co.*, No. 04-CV-3097 (DRH) (WDW), 2007 WL 2743490, at *3 (E.D.N.Y. Sept. 17, 2007), the court similarly found no waiver under these circumstances, explaining when successive motions are filed against different pleadings, "while

1

the general rule forbids a party from asserting defenses available when the party made its prior motion, the defense of failure to state a claim is not waivable" (quotes omitted).

*Ogunkoya v. Cnty. of Monroe*, No. 15-CV-6119 (KAM) (LB), 2020 WL 3791850, at *4 (E.D.N.Y. July 7, 2020) relied on by Plaintiffs, is not good law. It was rendered years before the Second Circuit clarified that a failure to state a claim defense is not waivable. *Fasano*, 47 F.4th at 91; *Perez*, 2024 WL 3594325, at *1; *Fezzani*, 2025 WL 3061340, at *3.

**POINT II**
**A VOLUNTARY RECALL DOES NOT MEAN EVERY RECALLED PRODUCT IS DEFECTIVE**

In its opening brief (Mov. Br. pp. 2–3), Baby Generation explained that a recall does not establish that every recalled product is defective. Manufacturers often recall broad groups of products even though many are not defective, whether out of caution, because a defect cannot be precisely isolated, in response to regulators, retailers, consumers, or other considerations. That is the case here. CPSC's November 10, 2022, recall covered approximately 149,595 Single-to-Double strollers, despite only 138 reported cracked-frame incidents (about a 0.092% incident rate).[1] Likewise, CPSC's March 17, 2023, expanded recall covered approximately 25,390 Single Strollers, despite only 13 reported cracked-frame incidents (about a 0.051% incident rate). Although incidents may be underreported and more incidents occurred after the recalls, it is not plausible that every recalled stroller is defective.

This absence of a uniform defect is fatal to Plaintiffs' state-law claims. Baby Generation does not revisit its Article III standing arguments; rather, it makes this point because it shows Plaintiffs have not stated viable state-law claims. No Plaintiff alleges in the Fourth Amended Complaint (the "FAC") that her stroller was unsafe. *In re Recalled Abbott Infant Formula Products*

---

[1] The Court previously took judicial notice of the CPSC's recall announcements, Decision, p. 9.

*Liability Litigation*, No. 22-C-4148, 2023 WL 3587295, *3 (N.D. Ill. May 22, 2023), aff'd, 97 F.4th 525 (7th Cir. 2024), is instructive. There, plaintiffs challenged Abbott's voluntary recall of all infant formula produced at a facility where environmental samples contained bacteria, asserting economic-loss claims based on alleged nondisclosure. The court dismissed those claims, explaining:

> [P]laintiffs do not allege that every [can of formula] was contaminated with harmful bacteria. Nor do they allege that the products they purchased were contaminated. [***] *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014), is instructive. Like the plaintiffs here, the plaintiffs in that case contended that they were "not required to allege the specific products or packages" that were defective. *Id.* The Eighth Circuit rejected that proposition, holding that "[w]ithout any particularized reason to think the consumers' own packages of Hebrew National beef actually exhibited the alleged non-kosher defect, the consumers lack Article III standing [i.e., they lack an injury-in-fact] to sue ConAgra." *Id.* Other circuits addressing allegations of non-uniform or speculative defects are in accord.

As in *ConAgra* and *Abbott*, Plaintiffs do not allege that every stroller is defective or that their own strollers are defective. If their strollers safely performed their intended function, the transportation of infants, their state-law claims fail.

Plaintiffs conflate Baby Generation's prior Article III standing arguments with its present challenges to the state-law claims they replead in the FAC. They contend that having alleged "financial injury … under their consumer protection claims, they are not required to allege they experienced the defect." Opp. Br. p. 5. But *Desiano v. Warner-Lambert Co.*, 326 F.3d 339 (2d Cir. 2003), is materially different. There, plaintiffs alleged that Rezulin was uniformly misrepresented as safer and more effective than alternative treatments, causing them to pay an inflated price, when in fact it was no safer and no more effective than available alternatives.

This case would be different if Plaintiffs plausibly alleged Baby Generation's strollers were uniformly defective, or if any Plaintiff alleged her stroller developed frame cracks. They allege neither. Plaintiffs claim their strollers are defective solely because the recall "demonstrated the

3

defect was present in all recalled Strollers and proves that the strollers cannot be used as intended and were not safe as represented." Opp. Br. p. 7. That assertion is conclusory, unsupported by the facts, contradicted by the incident rates, and should be rejected.

## POINT III
### DAJLANI STILL FAILS TO PLEAD CLAIMS UNDER NEW YORK GEN. BUS. LAW §§ 349 AND 350

Because there are no allegations showing causation, Dajlani's GBL §§ 349 and 350 claims fail. The complaint does not allege that Dajlani's stroller frame cracked or collapsed or otherwise manifested the defect. Moreover, nowhere does Dajlani (or any other Plaintiff) allege that "Defendant's marketing materials on Defendant's website" were false. Plaintiffs do not challenge Baby Generation's testing of its strollers or that the strollers failed the testing described on the website. Plaintiffs merely allege inferentially that the strollers were represented as being safe. In fact, each Plaintiffs' stroller was, according to the FAC, safe. Finally, the allegations are not sufficient to plausibly plead either that Baby Generation's statements are likely to mislead a reasonable consumer or that knowledge of the defect was exclusively in Baby Generation's possession. These counts should be dismissed.

## POINT IV
### DAJLANI STILL HAS NOT SUFFICIENTLY PLEADED A PRICE PREMIUM THEORY DAMAGE CLAIM

Dajlani's reliance on *Desiano* (discussed above) and *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239 (E.D.N.Y. 2019) is misplaced. While Dajlani correctly observes that a financial injury may exist without a physical injury, any plaintiff asserting a financial injury under GBL §§ 349 and 350 "must show that the defendant's 'material deceptive act' caused the injury." *Hasemann*, *id*. at, 258 citing *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) and *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995) (a plaintiff asserting a claim under GBL §349 must prove three elements: first, that the challenged act or practice was

4

consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act, a plaintiff must prove "actual" injury to recover under the statute).

For Dajlani to plausibly assert her claims, she must have suffered an injury. Her claim, that she paid more for her stroller than she should have, rings hollow if her stroller fulfilled its core function, the safe transportation of her children. The FAC (paragraphs 47-53) says exactly that. The frame did not crack, the stroller did not collapse, Dajlani did not suffer a financial injury.

**POINT V**
**BABY GENERATION'S FREE RECALL REMEDY ELIMINATED ANY PRICE PREMIUM INJURY, IF ONE EXISTED**

Even if Plaintiffs well-pleaded allegations stated a price premium injury, it was eliminated by Baby Generation's offer of a free frame reinforcement kit.

In their opposition, Plaintiffs rely upon *Ricardo Moncada v. Nuna Baby Essentials, Inc.*, No. 25-CV-2592 (PKC), 2026 WL 866852 (S.D.N.Y. Mar. 30, 2026) and *Baig v. Nuna Baby Essentials, Inc.*, No. 25-CV-03327, ECF No. 38 (E.D. Penn. Mar. 30, 2026), claiming these cases present a "nearly identical set of facts" to this case. They urge the Court to follow their reasoning and deny Baby Generation's motion to dismiss the FAC. Opp. Br. p. 2. But Plaintiffs ignore a fundamental difference. In both cases the plaintiffs specifically alleged Nuna's recall remedy was ineffective and, thus, did not provide them with the benefit of the bargain. *See Ricardo Moncada* at *3, *Baig* at p. 2. Indeed, *Ricardo Moncada* contrasted the facts before it with the facts in *Tarsio v. FCA US LLC*, No. 22-CV-9993 (NSR), 2024 WL 1514211, at *4 (S.D.N.Y. Apr. 8, 2024), where the plaintiff did not allege problems with rear-camera functionality after the repair was made. *Id*.

The facts of this case, with respect to allegations directed to the efficacy of the recall remedy, are like *Tarsio*, and different from *Ricardo Moncada* and *Baig*.

5

## POINT VI
### DAJLANI FAILS TO PLAUSIBLY ALLEGE BABY GENERATION'S EXCLUSIVE PRE-SALE KNOWLEDGE

In its opening brief, Baby Generation argued that Plaintiffs have not plausibly alleged it knew of the defect when each Plaintiff purchased (or received) her stroller. Plaintiffs respond, citing *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990), that fraud may be pleaded on information and belief when the relevant facts are peculiarly within the opposing party's knowledge. Opp. Br. p. 20.

The FAC's own allegations undermine that argument. Dajlani purchased her stroller in or around September 2022. FAC ¶47. The FAC alleges that a consumer reported the defect on CPSC's website on September 14, 2022, stating that while walking, the "[S]troller snapped in half and they both fell to the ground." FAC ¶37. The following day, September 15, 2022, the same consumer posted the complaint online. The FAC reproduces that post in full. FAC ¶43. Thus, when Dajlani purchased her stroller, information concerning the alleged defect was already publicly available on both the internet and CPSC's website.

*Apicella v. Apple Inc.*, No. 25-CV-02261 (OEM) (JMW), 2026 WL 1948130 (E.D.N.Y. July 6, 2026), is instructive. There, plaintiffs alleged Apple knowingly sold AirPods Max headphones with a condensation defect. Apple moved to dismiss because plaintiffs had not adequately alleged Apple's knowledge of the defect at the time of purchase. In dismissing Apicella's omission-based GBL claims, Judge Merchant, citing *Bates v. Abbott Lab'ys*, 24-919-CV, 2025 WL 65668, at *3 n.3 (2d Cir. Jan. 10, 2026), explained:

> Although Plaintiff Apicella contends that the consumer condensation complaints were "unbeknownst" to him, [] such assertions are implausible. Just as Plaintiff Apicella was able to visit Apple's product page, he could just as easily have availed himself to Apple's own community boards and other forums to investigate consumer feedback on the headphones, as could a reasonable consumer.

*Id.* at 15. The same reasoning applies here. Had Dajlani reviewed community forums or CPSC's website, she would have found the very reports cited in the FAC, demonstrating that knowledge of the alleged defect was not exclusive to Baby Generation.

**POINT VII**
**LIZARRARAS FAILS TO PLAUSIBLY ALLEGE CLAIMS UNDER CALIFORNIA'S UNFAIR COMPETITION LAW, CONSUMERS LEGAL REMEDIES ACT, FALSE ADVERTISING LAW AND THE SONG-BEVERLY CONSUMER WARRANTY ACT**

Fundamentally, Lizarraras fails to allege claims under California's UCL, CLRA and FAL. As explained by the Court, these claims are subject to the heightened Rule 9(b) pleading standard. In opposition, Lizarraras points to a single paragraph that purports to rectify these issues. Opp. Br. p. 17 (citing FAC ¶ 62). However, even that paragraph fails to identify when Lizarraras visited this website (from which she purportedly recalls exact quotes). Although Lizarraras mysteriously "recalls" the language verbatim, she does not identify when these statements were purportedly published on the website, when she accessed the website, or otherwise where she accessed the website. These points are essential under California law, and their omission from the FAC is fatal. The Court is left only with conclusory allegations that are insufficient to allow these claims to proceed. *See, e.g.*, *In re Toyota RAV4 Hybrid Fuel Tank Litigation*, 534 F. Supp. 3d 1067, 1096-97 (N.D. Cal. Apr. 4, 2021).

Lizarraras' Song-Beverly claim fails for the same reasons that Baby Generation identified in its opening brief. First, as this Court stated in its prior decision (Decision, P. 24 footnote 6), Lizarraras must (but fails to) allege her stroller broke from the defect. Second, despite contrary protestations, the Song-Beverly claim is not pleaded with Rule 9(b) particularity. Third, Lizarraras did not identify any express or implied warranty that was breached. The Song-Beverly claim should be dismissed with prejudice.

7

**POINT VIII**
**LIZARRARAS FAILS TO PLAUSIBLY ALLEGE PRE-SALE KNOWLEDGE**

Lizarraras was gifted a Single Stroller in August 2020. In September 2020, Lizarraras upgraded to the Single-to-Double Stroller. FAC ¶9. Thus, by Plaintiffs' own assertion that Baby Generation knew of the defect six months prior to the recall (May 10, 2022), Lizarraras' claim misses the mark by about 20 months. Her claims fail. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) (Plaintiffs must allege defendant's knowledge of a defect to succeed on claims of deceptive practices and fraud).

**POINT IX**
**MAHER FAILS TO PLAUSIBLY ALLEGE A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT**

Maher's ICFA claim fails because it does not meet Rule 9(b)'s pleading standards.[2] As explained in the opening brief, Maher's claim again fails because it does not state the who, what, when and where. She does not and cannot cure these deficiencies. The claim should be dismissed with prejudice for the same reason as the Court found in the first instance. Decision, p. 30.

**POINT X**
**MAHER FAILS TO PLAUSIBLY ALLEGE PRE-SALE KNOWLEDGE**

Maher purchased a Single-to-Double Stroller and a 2nd Seat Kit from Defendant in January 2022. FAC ¶78. Like Lizarraras, Maher's purchase was well before Plaintiffs allege Baby Generation knew of the defect.

---

[2] Remarkably, both Maher and Lizarraras allege recalling the exact same quoted text from the website. *Compare*, FAC at ¶¶ 62 and 79.

## POINT XI
## MCFARLAND FAILS TO PLAUSIBLY ALLEGE A CLAIM UNDER MISSOURI'S MERCHANDISING PRACTICES ACT

Just as this Court found on the prior motion to dismiss (Decision, pp. 34-35), McFarland has again failed to plead her MMPA claim with particularity. She fails to identify the who, what, when and where of her claim. There are no allegations of when she visited the website, or what she saw on the website, to support her general assertion that "Defendant represented the stroller as safe." Rule 9(b) is not satisfied, and the Court should dismiss the claim with prejudice.

## POINT XII
## MCFARLAND FAILS TO PLAUSIBLY ALLEGE PRE-SALE KNOWLEDGE

McFarland purchased a Single-to-Double Stroller, along with accessories, at Target in April 2022. FAC ¶72. Like Lizarraras and Maher, McFarland's purchase was before Plaintiffs allege Baby Generation knew of the defect.

## POINT XIII
## PLAINTIFFS' UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED

Baby Generation's arguments to dismiss Plaintiffs' unjust enrichment claim (Mov. Br. pp. 18-20) are clear, correct, and specifically apply to each Plaintiffs' applicable state law (California, Illinois and New York). In response, Plaintiffs say, essentially, that they have fixed the pleading deficiencies of the second amended complaint and, thus, the unjust enrichment claims, which rise and fall on the state law consumer protection claims, must now survive. Even if the repleaded consumer protection claims survive, which they should not, the unjust enrichment claims must still be dismissed.

Lizarraras: (i) as this Court held in its prior decision dismissing Lizarraras' unjust enrichment claim, "[b]ecause [Lizarraras'] other claims fail, [her] unjust enrichment claim[] under

9

California law also fail[s]," Decision, p. 51; and (ii) Lizarraras failed to plead the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another."

Maher: (i) as this Court held in its prior decision dismissing Maher's unjust enrichment claim, "Because the Illinois plaintiffs' unjust enrichment claims are based on the same conduct that forms the basis of their ICFA claim, it, too, must be dismissed," Decision, p. 52; and (ii) her stroller frame did not crack, she participated in the recall, installed the reinforcement kit and continued to use her stroller.

Dajlani: (i) as this Court held in its prior decision dismissing Dajlani's unjust enrichment claim, Decision, p. 50, fn. 18, because Dajlani's unjust enrichment claim is duplicative of her NY GBL §349 and 350 claims, the unjust enrichment claim must be dismissed; and (ii) having failed to allege an underlying injury (Dajlani does not allege that her stroller frame cracked), Defendant has not been unjustly enriched.

Dajlani argues that her unjust enrichment claim should survive because it is pleaded in the alternative to her NY GBL claims. This is illogical. The bases of Dajlani's unjust enrichment claim do not differ from her NY GBL claims. The facts alleged in support of the NY GBL and unjust enrichment claims are identical. For their unjust enrichment cause of action Plaintiffs "incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein." FAC ¶ 162. If the facts alleged in the FAC are not sufficient to state a cause of action under NY GBL, they will not support Dajlani's unjust enrichment claim. If the well-pleaded facts support Dajlani's NY GBL claims, then the unjust enrichment claim will be wholly duplicative.

Further, the first and second elements of any New York unjust enrichment claim are: (i) that the other party was enriched; (ii) at the party's expense. *See Hochheiser v. Alin*, 59 Misc.3d 1207(A), 2018 N.Y. Slip. Op. 50401(U) (N.Y. Sup. Ct. Suffolk Cnty. Mar. 28, 2018). If Dajlani

10

received a stroller that fulfilled its essential purpose, the safe transportation of Dajlani's child, there is no injury, and Defendant cannot have been unjustly enriched. The FAC does not allege that Dajlani's stroller did not fulfill its essential purpose.

**POINT XIV**
**PLAINTIFFS STILL DO NOT PLAUSIBLY ALLEGE AN INJURY**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Id. at 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether Plaintiffs have pleaded sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In their opposition, Plaintiffs assert they each have "alleged that the recall and repair kit was inadequate and that the strollers have diminished value and cannot be resold after the recall…." Opp. Br. p. 16. While Baby Generation accepts the Court's prior decision, finding that McFarland alleged her frame reinforcement kit failed (even though the photos in the FAC do not show any such failure), the FAC does not allege that any other Plaintiffs' frame reinforcement kit failed.

No Plaintiff alleges she attempted to resell her stroller. The FAC does not cite any study of the resale market for Baby Generation strollers. As previously discussed, a recalled consumer

product that has been repaired pursuant to a CPSC-approved voluntary recall may lawfully be resold. There are no well-pleaded facts supporting a depressed resale market for their strollers.

## CONCLUSION

Baby Generation respectfully submits that each of the Plaintiffs' repleaded causes of action should again be dismissed.

Dated: New York, New York
       July 20, 2026

                                        Respectfully submitted,

                                        SMITH, GAMBRELL & RUSSELL, LLP

                                        /s/ Jeremy D. Richardson

                                        _____
                                        Jeremy D. Richardson
                                        1301 Avenue of the Americas, 15th Floor
                                        New York, New York 10019
                                        Tel: (212) 907-9700
                                        Fax: (212) 907-9800
                                        jrichardson@sgrlaw.com

                                        Ian J. Dankelman (admitted *pro hac vice*)
                                        201 North Franklin Street, Suite 3550
                                        Tampa, Florida 33602
                                        Tel.: (813) 488-2937
                                        Fax: (813) 488-2960
                                        idankelman@sgrlaw.com

### Statement Regarding Word Count

The Memorandum of Law complies with the Court's Individual Rule regarding word count as it is fewer than 3,500 words not including tables of contents, tables of authorities, exhibits, appendices, or attachments.

12